IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; BOY MEETS GIRL MUSIC; VELVET APPLE MUSIC; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; COBURN MUSIC, INC.; NETTWERK ONE MUSIC CANADA LTD. d/b/a NETTWERK ONE B MUSIC US; O TEX MUSIC,<br><br>           Plaintiffs,<br><br>   v.<br><br>ALBURTIS TAVERN, LLC d/b/a ALBURTIS TAVERN & LODGE and TERRY BENDER and HOPE BENDER, each individually,<br><br>           Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter

7. Plaintiff Boy Meets Girl Music is a partnership owned by Shannon Rubicam and George Robert Merrill. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Velvet Apple Music is a sole proprietorship owned by Dolly Parton. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Coburn Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Nettwerk One Music Canada Ltd. is a corporation doing business as Nettwerk One B Music US. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff O Tex Music is a sole proprietorship owned by Eugene Ervine Woolsey also known as Erv Woolsey and Constance Woolsey also known as Connie Woolsey. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Defendant Alburtis Tavern, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, which operates, maintains and controls an establishment known as Alburtis Tavern & Lodge, located at 106-108 Main Street South, Alburtis, Pennsylvania 18011, in this district (the "Establishment").

14. In connection with the operation of the Establishment, Defendant Alburtis Tavern, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15. Defendant Alburtis Tavern, LLC has a direct financial interest in the Establishment.

16. Defendant Terry Bender is a member of Defendant Alburtis Tavern, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

17.   Defendant Terry Bender has the right and ability to supervise the activities of Defendant Alburtis Tavern, LLC and a direct financial interest in that limited liability company and the Establishment.

18.   Defendant Hope Bender is a member of Defendant Alburtis Tavern, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

19.   Defendant Hope Bender has the right and ability to supervise the activities of Defendant Alburtis Tavern, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

20.   Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 19.

21.   Since November 2015, BMI has reached out to Defendants over twenty-five (25) times, by phone and mail, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

22.   Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient

administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

23. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

24. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

25. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

26. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the

Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

28. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)   Plaintiffs have such other and further relief as is just and equitable.

August 25, 2016                             _____
                                            Stanley H. Cohen
                                            (I.D. No. 12095)
                                            Caesar Rivise, PC
                                            12th Floor, Seven Penn Center
                                            1635 Market Street
                                            Philadelphia, PA 19103-2212
                                            Telephone: 215-567-2010
                                            Facsimile: 215-751-1142
                                            email: scohen@crbcp.com

                                            Attorney for Plaintiffs

# *Schedule*

| Line 1 | Claim No. | 1 |
|---|---|---|
| Line 2 | Musical Composition | Boot Scoot Boogie a/k/a Boot Scootin' Boogie |
| Line 3 | Writer(s) | Ronnie Dunn a/k/a Ronnie G. Dunn |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 3/23/92 |
| Line 6 | Registration No(s). | PA 563-279 |
| Line 7 | Date(s) of Infringement | 4/17/16 |
| Line 8 | Place of Infringement | Alburtis Tavern & Lodge |

| Line 1 | Claim No. | 2 |
|---|---|---|
| Line 2 | Musical Composition | I Wanna Dance With Somebody Who Loves Me a/k/a Somebody Who Loves Me |
| Line 3 | Writer(s) | George Merrill; Shannon Rubicam |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music; Shannon Rubicam and George Robert Merrill, a partnership d/b/a Boy Meets Girl Music |
| Line 5 | Date(s) of Registration | 11/10/86   6/15/87<br>6/30/87 |
| Line 6 | Registration No(s). | PAu 901-755   PA 343-550<br>PAu 985-995 |
| Line 7 | Date(s) of Infringement | 4/17/16 |
| Line 8 | Place of Infringement | Alburtis Tavern & Lodge |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | I Will Always Love You |
| Line 3 | Writer(s) | Dolly Parton |
| Line 4 | Publisher Plaintiff(s) | Dolly Parton, an individual d/b/a Velvet Apple Music |
| Line 5 | Date(s) of Registration | 7/13/73 |
| Line 6 | Registration No(s). | Ep 314105 |
| Line 7 | Date(s) of Infringement | 4/17/16 |
| Line 8 | Place of Infringement | Alburtis Tavern & Lodge |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Watermelon Crawl |
| Line 3 | Writer(s) | Buddy Brock; Zack Turner |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music; Coburn Music, Inc.; Nettwerk One Music Canada Ltd. d/b/a Nettwerk One B Music US |
| Line 5 | Date(s) of Registration | 1/11/93 |
| Line 6 | Registration No(s). | PA 596-931 |
| Line 7 | Date(s) of Infringement | 4/17/16 |
| Line 8 | Place of Infringement | Alburtis Tavern & Lodge |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | She Lays It All On The Line |
| Line 3 | Writer(s) | Clay Blaker |
| Line 4 | Publisher Plaintiff(s) | Eugene Ervine Woolsey a/k/a Erv Woolsey and Constance Woolsey a/k/a Connie Woolsey, a partnership d/b/a O Tex Music |
| Line 5 | Date(s) of Registration | 5/21/92 |
| Line 6 | Registration No(s). | PAu 1-630-763 |
| Line 7 | Date(s) of Infringement | 4/17/16 |
| Line 8 | Place of Infringement | Alburtis Tavern & Lodge |